UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA D. FRANKLIN,

       Plaintiff,

v.

       Case No. 3:25-cv-1505-JEP-SJH

ROBERT W. NICHOLSON, et al.,

       Defendants.

_____

**ORDER**

On January 14, 2026, the Court dismissed this case without prejudice based on the three-strikes provision of 28 U.S.C. § 1915(g). (*See* Doc. 4). The same day, the Clerk entered judgment dismissing the case without prejudice. (*See* Doc. 5). Before the Court are Plaintiff's identical Motions for Rehearing/Reconsideration ("**Motions**," Docs. 6, 7), filed on February 12, 2026 and February 17, 2026,[1] respectively. In his Motions, Plaintiff challenges the dismissal of this case, arguing that he has alleged sufficient facts to warrant the imminent danger exception to dismissal because "Defendant Ashley Moody is still using her official powers in abuse of power to seek [Plaintiff's] death by the use of biotechnologies/bioweapons connected to [Plaintiff's] body from the

_____

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (mailbox rule).

Dell Computers within the State of Florida along with the other Defendants." (Doc. 6 at 1; Doc. 7 at 1).

A motion seeking reconsideration of an earlier ruling is governed by either Rule 59 or Rule 60, Federal Rules of Civil Procedure. Rule 59(e) governs motions to alter or amend judgment filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). Rule 60(b) governs motions seeking relief from a final judgment, order, or proceeding filed within a reasonable time, or no more than a year after the entry of the judgment or order, or the date of the proceeding. Fed. R. Civ. P. 60(c). Plaintiff's Motions do not mention either Rule 59(e) or Rule 60(b), but regardless of which rule applies, Plaintiff has not shown a proper basis for reconsideration of the Court's ruling.

"The purpose of a Rule 60(b) motion is to permit the district court to reconsider matters . . . as to correct obvious errors or injustices." *Anderson v. United States*, 159 F. App'x 936, 938 (11th Cir. 2005).[2] Specifically, Rule 60(b) allows the Court to relieve a party from a final judgment, order, or proceeding, if there has been "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence, could not have

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

been discovered in time to move for a new trial under Rule 59(b)"; fraud, misrepresentation, or misconduct by an opposing party; if "the judgment is void" or "has been satisfied, released or discharged"; or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Although the Court may grant relief "for any other reason that justifies relief," "[r]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (citation omitted). Plaintiff has not shown any ground to justify relief under Rule 60(b), such as mistake, inadvertence, surprise, fraud, or misrepresentation by an opposing party. To the extent Plaintiff alleges that Defendants engaged in misconduct by seeking his "death by the use of biotechnologies/bioweapons" (Doc. 6 at 1; Doc. 7 at 1), these allegations are simply implausible.

Similarly, Plaintiff has not shown any ground to justify relief under Rule 59(e), such as "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999)[3]; *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)

---

[3] Although decisions of other district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th

3

("The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." (quotations and citations omitted)). The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling absent a manifest error of law or fact. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Therefore, based on the foregoing, relief is not warranted under either Rule 59(e) or Rule 60(b).

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motions (Docs. 6, 7) are **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on May 5th, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Jax-11
c:
Joshua D. Franklin, #Q22579